# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

JEAN ANN WRIGHT,

    Plaintiff,

v.                                                  Case No: 5:17-cv-459-Oc-30PRL[1]

HOWMEDICA OSTEONICS CORP.,

    Defendant.

## ORDER

Plaintiff is suing Howmedica Osteonics Corp. ("HOC") based on its production of a part that was used in her January 2013 hip replacement surgery. Plaintiff's Amended Complaint was dismissed because she did not identify the "alleged defect or unreasonably dangerous nature of the product." (Doc. 17). Because Plaintiff's Second Amended Complaint ("SAC") (Doc. 20) suffers the same deficiency—and others—the Court concludes it must also be dismissed.

## FACTUAL BACKGROUND

According to the SAC, Plaintiff had a total right hip replacement surgery on January 4, 2013. (Doc. 20, ¶¶ 7 and 9). HOC's Restoration ADM System X3 Acetabular Insert (the "Insert") was installed during the surgery. (Doc. 20, ¶ 7). At that time, HOC had voluntarily

---

[1] Although this case was removed to the Ocala Division, it was inadvertently given Case No.: 6:17-cv-1133-ORL-31GJK, an Orlando Division number. The case was then transferred back to the Ocala Division, where it was given this new case number.

recalled the Inserts "as there was a potential for interpretation of the product labeling which may lead to an incorrect implant being used." (Doc. 20, ¶ 9). Following the surgery, Plaintiff experienced pain and swelling in her right leg. (Doc. 20, ¶ 8).

According to Plaintiff, the Insert was "defective in manufacture for its prescribed and intended use as it failed to correct Plaintiff's pain, and caused further and more intense pain to Plaintiff." (Doc. 20, ¶ 17). The Insert, she claims matter-of-factly, caused her injuries because it was defective and unreasonably dangerous. (Doc. 20, ¶¶ 19–21).

There were also issues with the labels being defective. (Doc. 20, ¶¶ 27–34). The Insert's labels explain to users the correct size of the product to use (Doc. 20, ¶ 28), and the Insert "placed in Plaintiff's body … may have been the incorrect size for the Plaintiff due to the defect in the product's labeling." (Doc. 20, ¶ 32).

## **PROCEDURAL HISTORY**

Plaintiff sued HOC in Florida state court in Marion County in April 2017, and HOC timely removed. Plaintiff then amended the Complaint to correct the date of her surgery in which the Insert was used. (Docs. 11–14). HOC moved to dismiss the Amended Complaint. (Doc. 15). The predecessor judge granted the motion, finding the allegations in the Amended Complaint fell short of the federal pleading standard. (Doc. 17). Specifically, the judge concluded the Amended Complaint was deficient because Plaintiff "has not identified the alleged defect or the unreasonably dangerous nature" of the Insert. (Doc. 17).

Plaintiff then filed the SAC, which contains the following six counts:[2] (1) negligent manufacturing; (2) strict liability for manufacturing defect; (3) negligent labeling; (4) strict liability for failure to warn; (5) negligent recall procedures; and (6) strict liability for recall procedures.[3]

## **MOTION TO DISMISS STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Furthermore, they must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

Legal conclusions, though, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to

---

[2] The Court has re-worded the counts' titles when necessary to reflect the legal terms of art that best match the allegations.

[3] It appears Plaintiff failed to attach several pages to the SAC, as evidenced by Count VI being devoid of any allegations (except to reincorporate paragraphs 1 through 9), and the page numbers jumping from page "9 of 4" to a certificate of service on page "12 of 4."

3

"state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## **DISCUSSION**

HOC argues the SAC should be dismissed for many of the same reasons the Amended Complaint was dismissed. The Court agrees. HOC also argues that the dismissal should be with prejudice given Plaintiff's three failed attempts to properly plead a claim against it. The Court, though, is inclined to give Plaintiff another chance to correct the pleading defects with the benefit of a more thorough explanation.

Before providing that explanation, the Court addresses the quality of filings by Plaintiff's Counsel, which can best be described as sloppy and careless. A few examples: As noted in footnote 3, the sixth count contains no allegations. Counsel also had the audacity to file the same response to both of HOC's motions to dismiss (Docs. 16 and 24).[4] This, obviously, caused the instant response to be non-responsive to many arguments. While the Court does not expect perfection, it expects more of counsel who appear before it—and who are trusted by their clients to advocate on their behalf—than what Plaintiff's Counsel has shown to date. And this Court expects that Plaintiff's Counsel will take these words to heart so that his future filings contain fewer errors and better advocacy.

---

[4] He did, to his benefit, at least change the title and the date in the certificate of service. But he forgot to change the prayer for relief in response to the instant motion to request the Court deny the motion to dismiss the *second* amended complaint.

Turning back to the SAC, the Court concludes it lacks sufficient facts. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 678. Plaintiff appears to be alleging two potentially viable theories of strict products liability—manufacturing defect and failure to warn[5]—but lacks sufficient support for either. Plaintiff also fails to allege facts supporting a cause of action for negligence. Each will be discussed below.

### A. Strict Products Liability – Manufacturing Defect

The first strict products liability claim is for manufacturing defect. To plead an action for manufacturing defect, Plaintiff "must establish the manufacturer's relationship to the product in question, the defect and unreasonably dangerous condition of the product, and the existence of the proximate causal connection between such condition and the user's injuries or damages." *Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 606 (11th Cir. 2008) (citing *West v. Caterpillar Tractor Co., Inc.* 336 So.2d 80, 87 (Fla.1976)). That said, a complaint need not "specifically plead the source of the defect" or any particular theory of products liability. *Id.* at 605. Here, the SAC does not state a claim for manufacturing defect because Plaintiff does not allege what is defective about the Insert or

---

[5] Even this much murky given the inartfully drafted SAC. The Court assumes Plaintiff is alleging that the Insert is defective *and* it had improper labeling that caused confusion as to what size Insert to use. But the SAC could also be read as alleging that the Insert is defective *because* it had improper labeling that caused confusion as to what size Insert to use. The latter does not state a claim for manufacturing defect, though because it does not allege the label departs from its intended design. *See Kohler Co. v. Marcotte*, 907 So. 2d 596, 599 (Fla. Dist. Ct. App. 2005), *disapproved on other grounds by Aubin v. Union Carbide Corp.*, 177 So. 3d 489 (Fla. 2015).

how that defect caused Plaintiff's injuries. Instead Plaintiff alleges in *ipse dixit* conclusions that the Insert is defective because she had pain sometime after the Insert was implanted. That is not enough.

And as HOC argues, Plaintiff's allegation that the Insert was recalled is not a substitute for identifying the Insert's defect. That is because a recall is not an admission that a product is defective. *See Hughes v. Stryker Corp.*, 423 F. App'x 878, 880 (11th Cir. 2011) (holding a recall "did not amount to an admission by the defendants that the Trident acetabular cup was defective"). So Plaintiff's allegation that there was a recall does not excuse her from having to identify how the Insert she received was defective.

### B. Strict Products Liability – Failure to Warn

The second strict products liability action is for failure to warn. "To establish strict liability for failure to warn under Florida law, the plaintiff must establish that the defendant (a) is a manufacturer or distributor of the product at issue, and (b) did not adequately warn of a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of the manufacture and distribution." *Witt v. Stryker Corp. of Michigan*, 648 F. App'x 867, 871 (11th Cir. 2016) (citing *Griffin v. Kia Motors Corp.,* 843 So.2d 336, 339 (Fla. Dist. Ct. App. 2003)). Of course, a plaintiff must also allege that she was damaged by the failure to warn.

Here, the SAC comes closer to stating a cause of action. Plaintiff alleges HOC manufactured the insert, and that it had knowledge of a particular risk at the time of Plaintiff's surgery—namely that HOC had recalled the Insert because the labeling could cause confusion as to what size Insert to use. Where the SAC falls short, though, is that it

does not allege Plaintiff was damaged by the failure to include adequate labeling. Put another way, the SAC never alleges that an incorrectly sized Insert was implanted into Plaintiff, which caused her injuries. Instead, the Complaint only alleges that an incorrectly sized Insert *may* have been used. (Doc. 20, ¶ 32).

And similar to Plaintiff failing to identify the defect in the Insert for the manufacturing defect action, Plaintiff also fails to allege why the labeling was inadequate. This would require facts showing what the label said or did not say that resulted in risk that an incorrect size Insert would be used. *See generally Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 609 (11th Cir. 2008).

**C. Negligence**

A cause of action for negligence requires a plaintiff to establish "that the defendant owed a duty, that the defendant breached that duty, and that this breach caused the plaintiff damages." *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017). Florida law recognizes negligence claims based on a manufacturing defect and failure to warn, *see Mink v. Smith & Nephew, Inc.*, 860 F.3d 1319, 1329 (11th Cir. 2017); so it is possible for Plaintiff to state a claim for negligence based on these theories.

Where Plaintiff falls short, again, is that the SAC lacks sufficient factual allegations. Plaintiff again recites the elements of a negligence action supported by nothing but conclusions. For example, Plaintiff would need to allege what the manufacturing defect is to state a claim for negligent manufacturing. Same with the failure to warn if she is alleging that HOC breached its duty to warn by having a confusing label.

### D. Causes of Action Based on Recall

Plaintiff also brings a strict liability and negligence claim against HOC for deficiencies related to its recall procedures. But this Court can find no Florida case recognizing a cause of action for breach of the duty to recall that is separate from a general duty to act with reasonable care. *See Baker v. Firestone Tire & Rubber Co.*, 793 F.2d 1196, 1200 (11th Cir. 1986); *Thomas v. Bombardier Recreational Prod., Inc.*, 682 F. Supp. 2d 1297, 1301–02 (M.D. Fla. 2010); *Dang v. Honda Motor Co., Ltd*, No. 6:14-CV-2071-ORL-40DAB, 2015 WL 12830489, at *5 (M.D. Fla. Mar. 25, 2015). So the Court concludes absent additionally pleaded facts related to general negligence while handling the recall, Plaintiff cannot state a claim based on negligent recall. And under no circumstances can Plaintiff state a strict liability claim based on HOC's recall given that no such action appears to be recognized under Florida law.

## CONCLUSION

Plaintiff's SAC fails to allege sufficient facts to state any claims against HOC. Plaintiff failed to allege how the Insert was defective or why the Insert's label was inadequate to provide a proper warning. And Plaintiff never allege how either the Insert's defect or label caused her damage. Instead, Plaintiff provides conclusions and parrots elements of the causes of action. And although Plaintiff has already had three attempts to draft a complaint that states a claim against HOC, the Court concludes she should be given at least one more chance now that she has the benefit of a more thorough explanation.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Second Amended Complaint (Doc. 23) is GRANTED.

2. Plaintiff's Second Amended Complaint (Doc. 20) is DISMISSED WITHOUT PREJUDICE.

3. Plaintiff has fourteen (14) days from the date of this Order to file an amended complaint. Failure to file an amended complaint will result in this case being closed without further notice.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of October, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record